IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Mark B., ) <br> ) <br>   *Plaintiff*, ) <br> ) Case No. 1:22-cv-00190 <br>   v. ) <br> ) Magistrate Judge Lisa A. Jensen <br> Kilolo Kijakazi, ) <br> Acting Commissioner of Social Security, ) <br> ) <br>   *Defendant*. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark B. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying him disability insurance benefits and supplemental security income.[1] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

### I. Background

In July 2017, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging a disability beginning on September 7, 2016, because of anxiety, carpal tunnel syndrome, fibromyalgia, irritable bowel syndrome, arthritis, degenerative disc disease, spinal stenosis, and acid reflux disease. R. 302. Plaintiff stopped working on his alleged onset date because of his conditions. He was 48 years old on his alleged onset date, and his date last insured is March 31, 2019.

At a hearing in April 2019, an administrative law judge (ALJ) heard testimony from Plaintiff, medical expert Steven Goldstein, M.D., and a vocational expert (VE). The ALJ issued a decision in May 2019, finding that Plaintiff was not disabled. R. 18-30. Plaintiff subsequently

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 7.

1

challenged the ALJ's decision in the district court. In June 2021, this Court remanded the case for a new decision. *Mark B. v. Saul*, 20 CV 50164, 2021 WL 2399980 (N.D. Ill. June 11, 2021). This Court directed the ALJ to reevaluate Plaintiff's testimony regarding his service dog and medication side effects, and articulate the treatment notes she found to be inconsistent with Plaintiff's treating psychiatrist's opinions and address the evidence that supported those opinions.

Following a remand, in October 2021, Plaintiff testified at another hearing before the same ALJ that issued the first decision. The ALJ also heard testimony from medical expert Michael Lace, Ph.D., and a VE. In November 2021, the ALJ issued a second decision similarly finding that Plaintiff was not disabled. R. 1089-1104. The ALJ again found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the bilateral hands, obesity, depressive disorder, anxiety disorder, and posttraumatic stress disorder. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform light work with additional postural limitations and limitations related to his mental impairments. The ALJ did not impose any manipulative limitations for handling (gross manipulation) or fingering (fine manipulation). The ALJ determined that Plaintiff could not perform his past relevant work, but there were other jobs that existed in significant numbers in the national economy that he could perform, namely light unskilled jobs.

After the ALJ's decision became the final decision of the Commissioner on January 8, 2022, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If

supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff argues that the ALJ: (1) failed to properly analyze his need for a service dog and the side effects of his medications; (2) improperly discounted the opinion of his treating psychiatrist; and (3) failed to submit new evidence related to his hands and ankle to medical scrutiny. Because this Court finds that the third issue raised by Plaintiff requires a remand, it will address this issue first.

Plaintiff argues that on remand he submitted an October 31, 2019 nerve conduction and EMG study of his hands [2] that the ALJ failed to have reviewed by a medical expert to properly assess any resulting limitations. Although the ALJ reviewed the EMG study without a medical opinion, what Plaintiff more importantly points out is that in relying on the EMG study to discount

---

[2] Plaintiff also argues that the ALJ failed to submit an August 25, 2020 x-ray of his ankle injury to medical scrutiny. However, it was not the ankle injury the ALJ discounted but Plaintiff's testimony that he continued to have limitations related to his ankle following a January 2021 physical examination reporting normal gait and Plaintiff's report in March 2021 of him frequenting the gym and walking his dog. R. 1792, 1814. Plaintiff does not challenge the ALJ's reliance on this contrary evidence. Accordingly, the Court finds that Plaintiff has not provided a reason to remand based on the x-ray.

3

Plaintiff's hand limitations, the ALJ omitted reference to the contrary findings in the study without explanation. Because manipulative limitations are dispositive of Plaintiff's disability determination, remand is required.

Throughout the record, Plaintiff complained of pain in his hands and wrists which was attributed to different causes over the years but has now been attributed to osteoarthritis. *See, e.g.*, R. 1619, 1807-08, 1818, 1825-26. Plaintiff tried multiple medications to relieve his pain, with mixed results. Plaintiff testified in April 2019 that he could not use his hands anymore because he had no strength. R. 62-63. He had a hard time gripping, could not grip tools, and on bad days it took two hands to hold a can of soda. R. 63. Some days his hands were okay, but he still had bad days despite medication and sometimes did not leave the house due to pain. R. 63-66. Plaintiff testified that he could not use his hands to handle or finger for more than 2-3 hours in an eight-hour workday. R. 70.

In the ALJ's first decision denying Plaintiff disability benefits, the ALJ discounted Plaintiff's symptoms related to his hands and found no manipulative limitations for handling and fingering in the RFC. The ALJ found that the consultative examiner's opinion that Plaintiff had moderate difficulty with fine and gross manipulation and a 3/5 grip strength in both hands "inconsistent with findings of 5/5 strength in his upper extremities and his ability to make a fist in the same report." R. 25 (citing R. 396-98). In doing so, the ALJ relied on the testimony of the medical expert from the first hearing, Dr. Goldstein, who found that there was no medically determinable impairment that would cause Plaintiff's grip strength to decrease. R. 82. Dr. Goldstein also testified that 3/5 grip strength is inconsistent with the consultative examiner's finding of moderate difficulty in fine and gross manipulation and is instead consistent with a severe difficulty, such as an inability to hold anything.

4

After the ALJ's first decision denying Plaintiff disability benefits, Plaintiff underwent an EMG study of his hands in October 2019 due to continued bilateral hand and forearm pain. R. 1825-26. Plaintiff rated his pain between an 8/10 and 10/10 with the pain waking him up at night. R. 1426, 1825. The October 31, 2019 EMG study revealed:

> **Conclusions:**
> The above study showed prolonged median sensory latency on left Dig 1 [thumb], and right palm to wrist, preserved median, ulnar motor conductions. The above findings does [sic] not show any electrical evidence for any focal nerve entrapment. Clinical correlation is suggested.

Dkt. 40.

At the second hearing in October 2021, Plaintiff testified to the same limitations he outlined in April 2019. Plaintiff further testified that he had difficulty writing, and that writing for too long resulted in hand cramps. R. 1135. The VE testified that if an individual were limited to occasional handling and fingering, they would be unable to perform the light exertion jobs identified. R. 1158-59.

The ALJ again found that Plaintiff had no manipulative limitations for handling and fingering and was able to perform the light exertion jobs identified by the VE. In finding Plaintiff's reports of hand pain not as limiting as alleged, the ALJ again relied on Dr. Goldstein's testimony that Plaintiff had no manipulative limitations. The ALJ also relied on the new EMG study as follows: "later electromyogram and nerve conduction studies showed preserved median and ulnar motor conductions, and no evidence of any focal nerve entrapment." R. 1099. However, the ALJ failed to cite to the remainder of the EMG study showing median sensory latency of the left thumb and right palm to wrist without explaining whether it affects Plaintiff's ability to handle or finger. Nevertheless, the Commissioner maintains that the ALJ appropriately evaluated the EMG study and found no additional restrictions were warranted. However, the Commissioner's argument fails

where she cites to the same portion of the EMG study cited by the ALJ without mentioning the portion omitted by the ALJ. Def.'s Resp. at 11, Dkt. 15.

Sensory latency in the thumb and wrists may be consistent with Plaintiff's reports of hand and wrist pain and related handling and fingering limitations. If it was not consistent, the ALJ should have explained her reasons in the decision. By merely omitting reference to the contrary evidence in the EMG study, the ALJ leaves this Court guessing as to whether she overlooked the evidence or discounted it when formulating the RFC.[3] An ALJ cannot cherry-pick the records by relying on those that support her opinion and ignoring those that do not. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

The ALJ's decision to discount Plaintiff's hand manipulation limitations is especially important to the analysis because the VE testified that a limitation to occasional use of both hands to handle and finger would preclude any light work under the hypothetical proposed by the ALJ. R. 1158-59. Accordingly, a remand for further considering of the EMG study is required. By remanding this case, the Court is not indicating that a particular result should be reached on remand. Instead, the ALJ must consider all the evidence relating to Plaintiff's hand and wrist pain and sufficiently explain her reasons for the RFC limitations. If further limitations for handling and finger are not warranted based on the EMG results, the ALJ must explain her reasons. The ALJ should also take the opportunity on remand to explain why Plaintiff's 5/5 strength in his upper extremities and ability to make a full fist is inconsistent with the consultative examiner's findings

---

[3] Although the ALJ cited the full EMG findings earlier in her summary of the evidence, there is no indication the ALJ considered but ultimately rejected these findings for reasons supported by substantial evidence. *See* R. 1096.

that Plaintiff had moderate difficulty with fine and gross manipulation and 3/5 grip strength. *See Walls v. Kijakazi*, 2:21-CV-68-JPK, 2022 WL 4377379, at *13 (N.D. Ind. Sept. 22, 2022) ("To the extent that the ALJ is suggesting that general findings of good strength in [the plaintiff's] extremities and/or intact sensation and normal medical reflexes cancel out or somehow call into question weak grip strength findings in the record, the ALJ fails to explain how he arrived at that conclusion.") (internal quotation marks omitted). If, as Dr. Goldstein suggests, the consultative examiner's opinion is inconsistent and inconclusive on Plaintiff's manipulative limitations, the ALJ should reach out to the doctor for clarification.

And while not always required, a medical opinion interpreting the results of the EMG study may be beneficial on remand, especially in light of the doctor's note in the EMG study that: "Clinical correlation is suggested." R. 40. It is unclear to the Court from the EMG alone whether median sensory latency would have any limiting effects on Plaintiff's "ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." Social Security Ruling 96-8p, 1996 WL 374184, at *2 (emphasis removed); *see also Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) ("Fatally, the administrative law judge failed to submit that MRI to medical scrutiny, as she should have done since it was new and potentially decisive medical evidence."). Without another medical opinion, we are left with the ALJ's rejection of any manipulative limitations in part because the consultative examiner's opinion was internally inconsistent. However, instead of reaching out to the consultative examiner for clarification, the ALJ relied on the testimony of Dr. Goldstein, who did not have the benefit of reviewing the EMG before forming his opinions.

In light of this Court's remand, it will not address Plaintiff's remaining arguments. However, Plaintiff's counsel should raise all issues argued on appeal with the ALJ on remand,

both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceeding consistent with this opinion.

Date: March 8, 2023      By:    Lisa A. Jensen
United States Magistrate Judge